IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ERLYNDON J. LO, | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:10cv119 |
| ROBERTS, ET AL., | § § | |
| Defendants. | § § | |

## ORDER DENYING MOTION FOR AN IMMEDIATE TEMPORARY RESTRAINING ORDER

Plaintiff Erlyndon Joseph Lo has filed a Motion for an Immediate Temporary Restraining Order ("TRO") (Dkt. 5). In his motion, Plaintiff asks this court to enjoin the Southwestern late-term abortion facility located at 8616 Greenville Ave. in Dallas, Texas from performing an abortion on Friday, April 2, 2010. Plaintiff states that he will try to stop the abortion using oral words, but that if words are not enough, he may die or be killed trying to stop the abortion.

Under Rule 65 of the Federal Rules of Civil Procedure, "[e]very order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail ... the act or acts sought to be restrained...." FED. R. CIV. P. 65(d). A plaintiff seeking injunctive relief must show:

 (1) a substantial likelihood of success on the merits,

 (2) a substantial threat that plaintiffs will suffer irreparable harm if the injunction is not granted,

1

(3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and

(4) that the injunction will not disserve the public interest.

*Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009); *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). The party requesting injunctive relief bears the burden to prove all four requirements. *Palmer*, 579 F.3d at 506.

To be entitled to a temporary restraining order, as Plaintiff requests here, a movant must describe the injury and state why it is irreparable. FED. R. CIV. P. 65(b)(2). Abortion is legal in this country under certain circumstances. The court will not enjoin a facility it has no reason to believe is acting illegally solely based on Plaintiff's concern for his own safety. This is not a sufficient showing of irreparable harm. Whether Plaintiff faces harm is within Plaintiff's sole control.

Therefore, the Motion for an Immediate Temporary Restraining Order ("TRO") (Dkt. 5) is **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 2nd day of April, 2010.

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE