IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

ERLYNDON J. LO,                  §
                                 §
           Plaintiff,            §
                                 §
v.                               §      Case No. 4:10cv119
                                 §
ROBERTS, ET AL.,                 §
                                 §
           Defendants.           §

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

On March 18, 2010, Plaintiff filed this pro se suit against nine United States Supreme Court Justices, challenging the legality of abortion. On April 2, 2010, this court denied Plaintiff's request for a temporary injunction, noting that it would not stop a facility from performing a late-term abortion when it had no reason to believe the facility was acting illegally (*see* Dkt. 6). Having reviewed the record in this case, the court finds that this matter should be dismissed because Plaintiff has not shown how he has standing to bring suit for the alleged civil rights violations and other personal injuries.

In determining standing, the court must undertake a "careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *DaimlerChrysler Corp. v. Cuno*, 126 S. Ct. 1854, 1867, 164 L. Ed.2d 589 (2006) (quoting *Allen v. Wright,* 468 U.S. 737, 752, 104 S. Ct. 3315, 82 L. Ed.2d 556 (1984)). The question of standing involves the determination of whether a particular litigant is entitled to

invoke the jurisdiction of the federal court in order to decide the merits of a dispute or of particular issues. *Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 11, 124 S. Ct. 2301, 2308, 159 L. Ed.2d (2004). A party has standing if: (1) he has suffered a "concrete and particularized" injury that is actual or imminent rather than conjectural or hypothetical; (2) there is a causal relationship between the injury and the challenged conduct; and (3) it is likely and not merely speculative that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136, 119 L. Ed.2d 351 (1992); *Westfall v. Miller,* 77 F.3d 868, 871 (5th Cir. 1996). Plaintiff has the burden of proof and persuasion as to the existence of standing as to his claims. *Lujan*, 504 U.S. at 561, 112 S. Ct. at 2136; *Int'l Ass'n of Machinists & Aerospace Workers v. Goodrich Corp.*, 410 F.3d 204, 211-12 (5th Cir. 2005).

Plaintiff's pleadings do not show that Plaintiff himself has suffered any injury as a result of the practice of abortion. The only harm alleged by Plaintiff is his concern that he could die or be killed trying to stop the practice of abortion. As the court has already noted, whether Plaintiff faces any threat of harm under that scenario is within Plaintiff's sole control (*see* Dkt. 6).

In order to bring a claim for civil rights violations, as Plaintiff has asserted here, a party must establish a personal deprivation of *one of his own* rights or privileges secured by the Constitution. *Brumfield v. Jones,* 849 F.2d 152, 154 (5th Cir. 1988). Indeed, "[t]he right to sue under the Civil Rights Act is personal in nature." *Id.*; *see also Johnson v. Fordice*, 996 F.2d 306, 306 (5th Cir. 1993) (affirming dismissal of complaint where plaintiff did not allege or argue that he was personally affected by the order he challenged). Plaintiff has not shown how he has suffered a "concrete and particularized" injury sufficient to confer standing on him here. *Lujan*, 504 U.S. at 561, 112 S. Ct.

at 2136.

It is well established that "[i]f a plaintiff lacks Article III standing, then a federal court lacks jurisdiction to hear the complaint." *Delta Commercial Fisheries Assoc. v. Gulf of Mexico Fishery Mgmt. Council,* 364 F.3d 269, 272 (5th Cir. 2004). Therefore, this court is not the forum to resolve Plaintiff's grievances, and Plaintiff's claims shall be dismissed.

**SO ORDERED.**

**SIGNED this the 27th day of March, 2011.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE